# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

MARIA HOGUE, on her own behalf and others similarly situated,

           Plaintiff,

-vs-                                                           Case No. 2:10-cv-195-FtM-36SPC

GYARMATHY & ASSOCIATES, INC., a Florida Profit Corporation,

           Defendant.
_____

## ORDER

This matter comes before the Court on the Plaintiff, Maria Hogue's Motion to Strike the Defendant's Sixth Affirmative Defense (Doc. #15) filed on May 17, 2010. No Response has been filed by the Defendant, however, the Court will address the Motion.

Affirmative defenses are filed pursuant to Federal Rule of Civil Procedure 8(c). The Rule states in pertinent part that "a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud . . . and any other matter constituting an avoidance or affirmative defense." Fed. R. Civ. P. 8(c). Federal Rule of Civil Procedure 12(f) provides that the Court may order "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" be stricken from a pleading. Harvey v. Home Depot U.S.A., Inc., 2005 WL 1421170 (M.D. Fla. June 17, 2005). In evaluating a motion to strike, the court must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings. Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002). A motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the

parties. Harvey, 2005 WL 1421170 (citing Scelta v. Delicatessen Support Services, Inc., 57 F. Supp. 2d 1327, 1347 (M.D. Fla. 1997).

An Affirmative defense will only be stricken . . . if the defense is insufficient as a matter of law. Microsoft Corp., 211 F.R.D. at 683. An affirmative defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law. Harvey, 2005 WL 1421170. To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is sufficient and may survive a motion to strike, particularly when there is no showing of prejudice to the movant. Id. (citing Reyher v. Trans World Airlines, Inc., 881 574, 576 (M.D. Fla. 1995)). However, the Party rasing the affirmative defense must do more than make a conclusory allegation.

The Plaintiff moves to strike the Defendant's Sixth Affirmative Defense. The Sixth Affirmative Defense reads "Plaintiff's claim fails because Plaintiff qualified for one or more exemptions from the overtime requirements under the FLSA." The Plaintiff states the affirmative defense is legally deficient because it is not supported by any facts and it is, therefore, insufficient as a matter of law.

The Plaintiff's Motion is well taken. A claim of exemption under the FLSA is an affirmative defense that, pursuant to Fed.R.Civ.P. 8(c), must be specifically pleaded or it will be deemed waived. Morrison v. Executive Aircraft Refinishing, Inc., 434 F.Supp. 2d 1314,1318 -1319 (S.D. Fla. 2005). Where a defendant pleads generally that a plaintiff is not covered under the FLSA, but fails to identify the specific FLSA exemptions that are applicable, the defendant should be given leave to amend the defense. Id. Therefore, the Court will strike the Sixth Affirmative Defense without prejudice, and grants Defendants leave to amend.

Accordingly, it is now

**ORDERED:**

The Plaintiff, Maria Hogue's Motion to Strike the Defendant's Sixth Affirmative Defense (Doc. #15) is **GRANTED**.

(1) The Defendant's Sixth Affirmative Defense is hereby **STRICKEN**.

(2) The Defendant is given leave to amend its Sixth Affirmative Defense and has up to and including **July 1, 2010**, to file an Amended Answer and Sixth Affirmative Defense specifically listing which exemption applied to the Plaintiff under the FLSA.

**DONE AND ORDERED** at Fort Myers, Florida, this __21st__ day of June, 2010.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record